IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE MANUEL RIVERA, § § Plaintiff, § § V. § § CAROLYN W. COLVIN, § Acting Commissioner of Social Security, § § Defendant. § | No. 3:14-cv-4328-BN |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jose Manuel Rivera seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### **Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including diabetes, pancreatitis, high blood pressure, vomiting, and numbness in his feet. *See* Administrative Record [Dkt. No. 12 ("Tr.")] at 74-80, 184. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 4, 2013. *See id.* at 63-91. At the time of the hearing, Plaintiff was 59 years old. *See id.* at 67. He has a 10th grade education and past work experience as a forklift operator, assistant manager,

material handler loader, and oil changer. *See id.* at 68, 83-84. Plaintiff has not engaged in substantial gainful activity since January 28, 2011. *See id.* at 12.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from diabetes, hypertension, left knee pathology, obesity, and substance-induced mood disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 12. The ALJ further determined that Plaintiff had the residual functional capacity to perform a wide range of light work but could not return to his past relevant employment. *See id.* at 14, 18. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a furniture rental consultant, boat rental clerk, and silver wrapper – jobs that exist in significant numbers in the national economy. *See id.* at 18-19.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff argues that: (1) the ALJ failed to use the proper legal standard to evaluate Plaintiff's severe impairments and failed to analyze impairments identified by medical experts; (2) the ALJ failed to inquire about the reliability of the vocational expert's testimony in light of Plaintiff's objections and an inadequate hearing transcript; and (3) the ALJ impermissibly relied on evidence outside the record when assessing Plaintiff's symptoms and pain.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

3

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the

> claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's

substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ failed to use the proper legal standard to evaluate Plaintiff's severe impairments.[1] Plaintiff contends that the ALJ failed to consider all of his vocationally significant impairments, specifically degenerative disc disease of the spine, atherosclerosis, hyperlipidemia, history of irregular heart rhythm, and history of pancreatitis and elevated liver function. One of Plaintiff's arguments is that the ALJ committed reversible error by neither citing nor applying the appropriate legal standard, set forth by *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985), and that, without this analysis, the ALJ cannot meet his Step 5 burden to show that Plaintiff can perform other gainful and substantial work in the economy.

At Step 2, the ALJ found that Plaintiff has severe impairments of diabetes, hypertension, left knee pathology, obesity, and substance-induced mood disorder. *See* Tr. at 11. At Step 4, the ALJ found that Plaintiff has the residual functional capacity

---

[1] By ordering a remand of this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

("RFC") to lift or carry twenty pounds occasionally and ten pounds frequently and to stand or walk for three hours and to sit for six hours in an eight-hour workday. The ALJ found that Plaintiff should avoid climbing ladders, ropes, or scaffolds and that Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The ALJ also found that Plaintiff should avoid hazards such as unprotected heights, fast moving machinery, sharp objects, and unprotected flames and avoid exposure to temperature extremes or concentrated exposure to vibration. And the ALJ found that Plaintiff has the ability to understand, carry out and remember detailed, non-complex tasks and instructions. *See id.* at 13. Based on this RFC, the ALJ found that Plaintiff can perform other gainful and substantial work in the economy, specifically, the jobs of furniture rental consultant, boat rental clerk, and silver wrapper. *See id.* at 18.

At Step 2, the primary analysis is whether a claimant's impairment, or combination of impairments, is severe, irrespective of age, education, or work experience. *See Stone*, 752 F.2d at 1100. In *Stone*, the United States Court of Appeals for the Fifth Circuit "construed the current regulation as setting the following standard in determining whether a claimant's impairment is severe: '[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Id.* at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In making a severity determination, the ALJ must set forth the correct standard by reference to Fifth Circuit opinions or by an

express statement that the Fifth Circuit's construction of the regulation has been applied. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *See Hampton*, 785 F.2d at 1311. That is, the presumption may be rebutted by a showing that the ALJ applied the correct legal standard, regardless of the ALJ's recitation of the severity standard, or that the ALJ's application of the incorrect standard was harmless. *See Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D. Tex. Sept. 4, 2012), *rec. adopted*, 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012); *see also Taylor v. Astrue*, No. 3:10-cv-1158-O-BD, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *rec. adopted,* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011) (applying harmless error analysis in *Stone* error cases).

In his decision, the ALJ did not cite to *Stone.* In the applicable law section, the ALJ stated that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities." Tr. at 10 (citing 20 C.F.R. §§ 404.1521 & 416.921; SSR 85-28, 96-3p, & 96-4p). This is the very standard set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c) that *Stone* found to be inconsistent with the Social

9

Security Act. *See Stone*, 752 F.2d at 1104-05; *Craaybeek v. Astrue*, No. 7:10-cv-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011). The ALJ also found Plaintiff's diabetes, hypertension, left knee pathology, obesity and substance-induced mood disorder to be "severe" because they "cause more than a minimal effect" and "would be expected to interfere with the individual's ability to perform basic work activities." Tr. at 11 (citing 20 C.F.R. § 404.1520(c), 416.920(c)). The "minimal effect" standard is also wholly inconsistent with *Stone*. *See Craaybeek*, 2011 WL 539132, at *6 (citing cases).

Nevertheless, Defendant argues that citing to SSR 85-28 is "of the same effect" as citing to *Stone* because SSR 85-25 allegedly incorporated the *Stone* ruling. *See* Dkt. No. 19 at 8-9; SSR 85-28, 1985 WL 56856 (S.S.A. 1985). But the ALJ's referral to applicable social security regulations and rulings, including SSR 85-28, does not substitute as a proper construction of the *Stone* standard. *See Scott v. Comm'r of Soc. Sec. Admin.*, No. 3:11-cv-152-BF, 2012 WL 1058120, at *7 (N.D. Tex. Mar. 29, 2012) (citing cases). And SSR 85-28, which was amended shortly after *Stone* was decided, continues to provide that an impairment is severe if it has "no more than a minimal effect on an individual's ability to work." In contrast, *Stone* provides no allowance for a minimal interference with a claimant's ability to work.

The standard recited by the ALJ here allows for a minimal effect on the claimant's ability to work, but the *Stone* severity standard does not allow for any interference with work ability – even minimal interference. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris*, 2012 WL 4468185, at *5. The

10

ALJ therefore erred because he did not actually state the same standard mandated by *Stone*.

In the past, this would be grounds for automatic remand because it constituted a legal error. *See, e.g., Scroggins*, 598 F. Supp. 2d at 806-07; *Sanders*, 2008 WL 4211146, at *8. More recently, however, courts have not automatically remanded such cases. *See, e.g., Lacy v. Colvin*, No. 3:13-cv-1312-BN, 2013 WL 6476381, at *8 (N.D. Tex. Dec. 10, 2013); *Rivera v. Colvin*, No. 3:12-cv-1748-G-BN, 2013 WL 4623514, at *6 (N.D. Tex. Aug. 28, 2013); *Easom v. Colvin*, No. 3:12-cv-1289-N-BN, 2013 WL 2458540, at *4-*6 (N.D. Tex. June 7, 2013). Rather, the presumption that legal error occurred based on the incorrect wording of the standard may be rebutted by a showing that the correct legal standard was actually applied by the ALJ, *see Morris*, 2012 WL 4468185, at *9, or that the error was harmless, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Many courts have presumed that the *Stone* error is harmless where the analysis continues beyond Step 2. *See, e.g., Lederman v. Astrue*, 829 F. Supp. 2d 531, 539 (N.D. Tex. 2011).

Here, Plaintiff suggests that the error cannot be harmless because the ALJ did not properly consider certain alleged impairments – degenerative disc disease of the spine, atherosclerosis, hyperlipidemia, history of irregular heart rhythm, and history of pancreatitis and elevated liver function – at Step 2 or afterward. That is, according to Plaintiff, the failure to apply the proper *Stone* standard was not harmless because

11

the ALJ did not consider these impairments in Step 4 or Step 5 and possibly found them non-severe based upon the incorrect standard for severity.

At Step 2, the ALJ found that Plaintiff's diabetes, hypertension, left knee pathology, obesity and substance-induced mood disorder were severe impairments "because they cause more than a minimal effect" on Plaintiff's "ability to perform basic work activities." Tr. at 11. The ALJ did not mention Plaintiff's degenerative disc disease of the spine, atherosclerosis, hyperlipidemia, history of irregular heart rhythm, and history of pancreatitis and elevated liver function. *See id.*

In the narrative concerning Plaintiff's RFC, the ALJ stated that Edward Panousier, D.O., performed a consultative examination and diagnosed Plaintiff with type 2 diabetes with neuropathy, history of ethanol abuse, degenerative joint disease of the knee, degenerative disc disease of the spine, atherosclerosis, hypertension, hyperlipidemia, history of irregular heart rhythm, history of pancreatitis and an elevated liver function test. *See id.* at 14-15, 553-54. State agency medical consultant Robin Rosenstock, M.D. reviewed Plaintiff's file and listed a primary diagnosis of degenerative disc disease of the left knee and a secondary diagnosis of degenerative disc disease of the lumbar spine. *See id.* at 555. The ALJ also gave significant weight to the State agency examiners' assessments of Plaintiff's functional capacity, which would have been based on their diagnoses of Plaintiff's impairments.

But the ALJ made no further reference to – and the Court cannot ascertain whether the ALJ considered – the impairments of degenerative disc disease of the spine, atherosclerosis, hyperlipidemia, history of irregular heart rhythm, and history

of pancreatitis and elevated liver function, much less whether he considered them under the *Stone* standard. Without a substantive analysis of these five impairments, the ALJ cannot meet his burden at Step 5 to show that Plaintiff can perform any other gainful and substantial work in the economy despite all of his impairments and limitations. As a result, the ALJ's error was prejudicial.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: February 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE